# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09 CV 342-RJC-DSC

| | |
|---|---|
| CARLTON KIMBLE and MICHELLE WHALEY, | )<br>)<br>) |
| Plaintiffs, | ) **MEMORANDUM AND RECOMMENDATION**<br>) **AND ORDER** |
| v. | )<br>) |
| U.S. BANK NATIONAL ASSOCIATION, GMAC MORTGAGE, LLC, RESIDENTIAL ASSET SECURITIES CORPORATION, KELLAM & PETTIT, P.A., & DAVID A. SIMPSON, P.C., | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on the "Defendants' Motion to Dismiss" (document #9) and "Memorandum ... in Support ..." (document #10), both filed August 14, 2009. The pro se Plaintiffs have not filed a brief in opposition or otherwise responded to Defendant's Motion and the time for filing a response has expired. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Taking judicial notice of the documents that are attached to Defendants' brief, on September

9, 2005, and in exchange for obtaining a home loan of the same amount, Plaintiffs executed an Adjustable Rate Note and Deed of Trust with FMF Capital LLC in the amount of $87,920. The Adjustable Rate Note and Deed of Trust were later assigned to Defendant GMAC Mortgage, LLC ("GMACM"). See Adjustable Rate Note, Deed of Trust, and Assignment, attached to Defendants' Memorandum in Support as Exhibits A-C (document #10).

This action arose after Plaintiffs defaulted on the Note and GMACM instituted foreclosure proceedings. Plaintiffs filed this action in the Superior Court for Gaston County on July 8, 2009 against U.S. Bank, GMACM, Residential Asset Securities Corporation ("RASC"), Kellam & Pettit, P.A., and David A. Simpson, P.C. alleging violations of the Truth in Lending Act ("TILA") and the RICO statute, along with state law claims for money lent, breach of contract, and "lost note." On August 6, 2009, Plaintiffs' filed an Amended Complaint against U.S. Bank, GMACM, RASC, Kellam & Pettit, P.A., and David A. Simpson, P.C. alleging claims under TILA, plus the aforementioned state law claims.

All of these causes of action are based on Plaintiffs' flawed theory that they, rather than GMACM, were the lenders in the transaction and that GMACM owes Plaintiffs the same $87,920 that was loaned to Plaintiffs under the Adjustable Rate Note and Deed of Trust. In support of this theory, Plaintiffs allege that "[o]n the date of (September 9, 2005), Michelle Whaley, Carlton Kimble deposited $87,200 with [Defendants]" "Amended Notice of Removal" at 12 (document #8-2).

On August 7, 2009, Defendants removed the case to the United States District Court for the Western District of North Carolina, alleging the existence of federal question subject matter jurisdiction. Said removal has not been challenged and appears proper.

On August 7, 2009, Defendants filed their Motion to Dismiss, maintaining that applying the

pleading standards enunciated by the United States Supreme Court in Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (May 18, 2009), Plaintiffs' factual allegations fail to state claims upon which relief can be granted.

Plaintiffs have not responded to Defendants' Motion to Dismiss, which has been briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIM

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

3

suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

While mindful of the Court's duty to construe the pro se Plaintiffs' "inartful pleading" liberally as required by clear Supreme Court and Fourth Circuit authority,[1] the undersigned concludes that Plaintiffs have failed to allege any claims upon which relief can be granted. Indeed, Plaintiffs'

---

[1] Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructs court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978) ("the Court in considering the defendants' motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed).

4

conclusory allegation that they were the lenders in the subject transaction is precisely the type of factually-unsupported, conclusory allegation that the Court must disregard. See Iqbal, 129 S. Ct. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Moreover, in deciding a Rule 12(b)(6) motion to dismiss in a case such as this where Plaintiffs have made a factual allegation that is clearly refuted by the documents which give rise to the disputed transaction, the Court may consider those documents. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997); Pierce v. Ocwen Loan Servicing, 2006 WL 1994571 *2 (M.D.N.C. Jul. 14, 2006) (court may "disregard allegations in a complaint if contradicted by facts established in documents exhibited to or referenced in the complaint, or documents that are [otherwise] central to a plaintiff's claim even though not referenced") (citing Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987)).

Accordingly, where Plaintiffs' sole allegation that they were the lenders is flatly contradicted by the loan documents which show that Plaintiffs were, in fact, the borrowers, the undersigned must respectfully recommend that Defendants' Motion to Dismiss be granted.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss" (document #9) be **GRANTED** and the Complaint **DISMISSED WITH PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: September 3, 2009

David S. Cayer
United States Magistrate Judge